UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO: 1:04CV-103-M

**EDDIE GLEN KINGREY**                                                                                               **PLAINTIFF**

V.

**TRUSTMARK LIFE INSURANCE COMPANY**                                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion for summary judgment by Defendant, Trustmark Life Insurance Company [DN 19]. Fully briefed, this matter stands ripe for decision. For the reasons set forth below, the motion by the Defendant for summary judgment is **GRANTED.**

**I. BACKGROUND**

Plaintiff, Eddie Kingrey ("Kingrey"), brings this action to recover life insurance benefits under a life insurance policy he took out less than a year before his wife's death. Defendant, Trustmark Life Insurance Company ("Trustmark"), has refused to pay on the policy due to what it believes were material misrepresentations by Kingrey concerning the weight of his wife.

The life insurance policy was issued on July 1, 2002, and Plaintiff regularly paid his premiums after that date. On the application, Plaintiff was asked for his wife's height and

weight, which he listed as "5-4" and "180."[1] The policy contained a term which allowed the Defendant to contest and verify the answers to any of the health questions on the application during the first two years it was in force. After a review of Plaintiff's wife's medical records, Defendant discovered that she weighed 282 pounds on January 3, 2002, 272 pounds on June 3, 2002, and 283 pounds on September 6, 2002. Plaintiff filled out the application on April 18, 2002 and testified that he did not notice any significant decrease in his wife's weight between January of 2002 and June of 2002.[2] The medical records are relevant because Defendant, at the time the policy was issued, had in place a minimum and maximum weight table in order to establish what is an acceptable weight with regard to issuing a life insurance policy to an individual. According to the table, Trustmark will not ensure a person, such as plaintiff's wife, who was 5' 4" and weighed in excess of 250 pounds. Danette Elfering ("Elfering"), Claims Manager for the Defendant, testified to that effect:

> Q: According to this chart, under your all's guidelines–and I better use Trustmark's guidelines–an individual who was five foot four could not be approved for an application if they had a weight below 96 pounds nor above a max weight of 250 pounds?
>
> A: That is correct.

Defendant's expert, William H. Rabel, Ph.D., FLMI, CLU, also opined that, "Trustmark's underwriters would have declined to issue the policy on Mrs. Kingrey had they known her

---

[1] Defendant also notes that Plaintiff made other misrepresentations such as not fully disclosing certain aspects of his wife's medical history. The general rule under KRS 304.14-110 is that a misrepresentation is of no consequence unless it falls under one of three categories. Defendant did not attempt to show that such representations were fraudulent, material, or that it would not have issued the policies had it known the true facts.

[2] Plaintiff testified that he was not aware of specifics of his wife's medical condition or what the records of her doctor's visits might show.

true weight."

As a result of its investigation, Defendant declined to pay the policy.[3] Plaintiff now brings two claims against the Defendant. First, Plaintiff contends that Defendant breached the terms of the policy "by its actions, inactions, representations and misrepresentations." Second, Plaintiff asserts that Defendant's handling of this matter violated KRS 304.12-230, the Kentucky Unfair Claims Settlement Practices Act. Defendant now seeks summary judgment.

## II. STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some

---

[3]The policy had a face value of $25,000, but it provided for a sum of $50,000 to be paid to the beneficiary in the case of accidental death to Mrs. Kingrey.

"metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard that the Court reviews the following facts.[4]

### III. DISCUSSION

In support of its motion for summary judgment, the Defendant relies on KRS 304.14-110, which allows an insurer to void a policy due to the insured's misrepresentations, omissions, or incorrect statements that are either (1) fraudulent or (2) material or (3) would have, if disclosed, led the insurer to decline to issue the policy or to issue the policy at a higher premium. Defendant asserts that Plaintiff's listing of his wife's weight as "180" falls within the second and third categories. Plaintiff contends that he did not make a material misrepresentation and that the Defendant acted in bad faith in denying his claim.

KRS 304.14-110 concerns representations in applications for insurance and states in full:

> All statements and descriptions in any application for an insurance policy or annuity contract, by or on behalf of the insured or annuitant, shall be deemed

---

[4] The Plaintiff incorrectly argues that the Kentucky standard of summary judgment as set forth in Steelvest, Inc. v. Scansteel Serv. Ctr., Inc., 807 S.W.2d 476 (Ky. 1991) is appropriate in this action. When there is a motion for summary judgment in a diversity case, the provisions of Rule 56 control its determination. Gafford v. General Elec. Co., 997 F.2d 150, 166 (6th Cir. 1993).

> to be representations and not warranties. Misrepresentations, omissions, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
> (1) Fraudulent; or
> (2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
> (3) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise. This subsection shall not apply to applications taken for workers' compensation insurance coverage.

Thus, "a misrepresentation voids an insurance policy if the misrepresentation is 'material' to the acceptance of risk or if the insurance company would not have issued the policy if the true facts were known." Conner v. Shelter Mut. Ins. Co., 779 F.2d 335, 337 (6th Cir. 1985), cert. denied, 476 U.S. 1117 (1986).

"Materiality is tested by whether the omission affected the acceptance of the risk or the hazard assumed by the insurer." Progressive Specialty Ins. Co. v. Rosing, 891 F.Supp. 378, 380 (W.D. Ky. 1995). Incorrect answers to questions are considered material if the policy would not have been issued had the insurer known the correct answers. Bradshaw v. Monumental Life Ins. Co., No. 1:04CV-168-R, 2005 U.S. Dist. LEXIS 19823, at *6 (W.D. Ky. Sept. 9, 2005) (citing John Hancock Mut. Life Ins. Co v. Conway, 240 S.W.2d 644, 646 (Ky. 1951)). "[A]s between the applicant and the insurance company, it is the applicant's responsibility to see that the application is correctly filled out." Paxton v. Lincoln Income Life Ins. Co., 433 S.W.2d 638, 638 (Ky. 1968). "Questions contained in an application for insurance concerning the applicant's state of health, past medical treatment, consultation and

the like are of the gravest importance, and it is the duty of the applicant to exercise good faith and answer them truthfully. Bradshaw, 2005 U.S. Dist. LEXIS 19823, at *6-*7 (internal citations omitted). An insurer must have clear notice and full cognizance of the true facts to be bound by its policy. State Farm Auto Mut. Ins. Co. v. Spray, 547 F.2d 397, 401 (7th Cir. 1977) (interpreting Kentucky law). Even if misrepresentations are not fraudulent or material, an insured still must overcome the third category of KRS 304.14-110, and an insured cannot do so if the evidence clearly shows that the insurer would not have issued the policy if it possessed accurate information. Progressive Specialty Ins. Co., 891 F.Supp. at 380.

As to what facts are needed to support summary judgment for an insurer, the Sixth Circuit in Conner relied on the testimony of the insurer's underwriters to conclude that the insurer would not have issued a policy had the insured responded truthfully to all the questions in his application. 779 F.2d at 338. In Bradshaw, the court went so far as to conclude that a possibly innocent misrepresentation, the failure to disclose a gastric ulcer about which plaintiff claimed she and her husband did not know, nevertheless allowed the insurer to avoid coverage as the representation was material to the risk assumed in issuing the policy. 2005 U.S. Dist. LEXIS 19823, at *6. The court reached its conclusion despite the likely fact that the "gastric ulcer was not connected to [the deceased's] lung cancer," which was the cause of his death. Id. at *7.

Here, the Plaintiff's claim fails because his misrepresentations were material to the Defendant's acceptance of the risk and because Defendant has shown it would not have issued the policy had it known the true facts. Viewing all evidence in a light most favorable

to the Plaintiff, there can be no dispute that the Plaintiff made an untrue, material statement on his application for the policy. There can also be no dispute that Defendant would not have issued the policy had it received the correct information. The Defendant's evidence has shown that its policy is to abide by its height and weight table. The Plaintiff has put forth no evidence that Trustmark has ever deviated from its height and weight tables to issue a life insurance policy to someone who otherwise would not qualify for one. The Plaintiff also has not disputed that his wife's weight was in excess of 250 pounds at the time he filled out the policy application.[5] Plaintiff testified that his wife did not have any significant weight loss during from January 3, 2002 to June 3, 2002. Plaintiff's wife weighed 282 pounds on January 3, 2002 and 272 pounds on June 3, 2002. While there may be a "metaphysical doubt" as to whether Plaintiff weighed less than 250 pounds on April 18, 2002, there are no material facts to suggest that was the case.

Moreover, Plaintiff cites no law, nor has the Court located any, in support of his contention that Defendant should have provided a weight table to the Plaintiff at the time he filed his application. None of the cases concerning misrepresentation by an insured under KRS 304.14-110 even remotely suggest that an insurer has a duty to unilaterally disclose its underwriting guidelines. Finally, as illustrated in Bradshaw, it is irrelevant that Plaintiff's wife died due to an event that was not likely related to the medical condition at issue.

Based on the above holding, Trustmark is likewise entitled to summary judgment on

---

[5] If it were not clear that Plaintiff's wife weighed more than 250 pounds at the time Plaintiff applied for the policy, an issue would exist at to the materiality of Plaintiff's misrepresentation.

Plaintiff's claim that it violated KRS 304.12-230, the Kentucky Unfair Claims Settlement Practices Act. In Kentucky, a bad faith claim requires, among other things, proof that the insurer is obligated to pay the claim under the policy. <u>Wittmer v. Jones</u>, 864 S.W.2d 885, 890 (Ky. 1993) That is not the case here.

## IV. CONCLUSION

For the reasons foregoing, the motion by the Defendant for summary judgment [DN 19] is **GRANTED.**

Copies to: Counsel of Record
04cv-103Kingrey